Two of the trustees of the Mallow Hotel Corporation, debtor, filed a petition to remove Frank P. Slattery as attorney for the trustees. Subsequently an amendment containing additional averments to that petition was filed which was signed by only one of the trustees. Thereupon Frank P. Slattery filed the petition now before the court to strike the amendment from the record, for the reason that only one of the three trustees signed and verified it.

### In re MALLOW HOTEL CORPORATION.
### No. 9287.

District Court, M. D. Pennsylvania.
Feb. 3, 1937.

Neil Chrisman, James P. Harris, and Robert J. Doran, all of Wilkes-Barre, Pa., for Wilkes-Barre Hotel Co.

Frank P. Slattery and Thomas F. Farrell, both of Wilkes-Barre, Pa., for respondent.

JOHNSON, District Judge.

This is a petition to review certain rulings of the special master excluding testimony under section 21a of the Bankruptcy Act (11 U.S.C.A. § 44(a).

The Wilkes-Barre Hotel Company presented its petition to this court averring that it is a creditor of the Mallow Hotel Corporation and praying for an order requiring certain persons to be examined under section 21a of the Bankruptcy Act concerning the acts, conduct, and property of the Mallow Hotel Corporation, debtor. An order was made requiring the named persons to submit to examination before the referee in bankruptcy. In the course of the examination, the referee sustained objections to the admission of certain testimony and the correctness of the rulings are here for consideration.

One of the witnesses testified that he made an audit of the books of the Mallow Hotel Corporation as of December 31, 1927. These books were introduced in evidence without objection. He was asked to refer to the books and show what the surplus was as of December 31, 1927. Objection to the testimony was sustained because the corporation declared no dividends on that day. The witness was asked to state whether in 1922 and a number of years thereafter the president and treasurer of the Mallow Hotel Corporation received $900 per month conditioned that he pay premiums on a life insurance policy in which the corporation was beneficiary, and

whether he charged the premiums to the corporation, in addition to $900 per month salary. Objection to the testimony was sustained on the ground that it was too remote. A lease of certain property to the president of the Mallow Hotel Corporation was offered for the purpose of showing that it was for his personal benefit, yet the books of the corporation showed that a large sum of money was charged to the corporation on account of that property. There were further offers to show that the president of the Mallow Hotel Corporation took two personal trips to Florida in 1925 and 1926 and entered into another personal business venture in 1927 and charged all of the expenses to the corporation. All of this testimony was excluded for the reason that it should be introduced as a set-off to the claim of the president against the corporation when that claim is heard.

The scope of an examination under section 21a is stated as follows in Remington on Bankruptcy, Vol. 5, § 1997: "No rigid rules can be laid down as to the method and scope of the general examination of the bankrupt and witnesses. * * * No issue is involved. No fact is asserted on one side and denied on the other. No fact is to be proved or disproved. The examination is simply a general inquiry into the 'acts, conduct and property of the bankrupt', the cause of his failure, the whereabouts of his property, the contracts relating to his business, and in short an examination into all matters and things of reasonable interest to the creditors; and, as a consequence, a great latitude of inquiry is permitted. * * * The only limitation upon the inquiry is that it shall be reasonably pertinent to the acts, conduct, or property of the bankrupt in some way. * * * The examination is not limited to transactions occurring within the four months preceding the bankruptcy. A full understanding of the acts, conduct and property of the bankrupt may involve inquiry into facts occurring months and even years beforehand."

While the inquiries go back years before the present proceeding, they reasonably relate to the transactions and conduct of the debtor and the whereabouts of its property. These inquiries may aid the creditors in properly understanding the present affairs of the debtor, and should be permitted.

And now the objections to the inquiries are overruled, the petition to review the rulings of the referee is sustained, and the referee is directed to hear testimony on the inquiries objected to.